# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5455 | **DATE** | 8/19/2011 |
| **CASE TITLE** | July vs. DSC Logistics, Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiff's complaint is dismissed with leave to replead within 30 days from the date of this order. The Court will consider her motions to proceed *in forma pauperis* and for appointment of counsel at that time. However, because Plaintiff's *in forma pauperis* affidavit is incomplete, she must revise it within 30 days from the date of this order if she wishes to proceed *in forma pauperis*.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

On Aug. 11, 2011, Plaintiff, Ebony July, filed the instant employment discrimination complaint. She seeks to proceed *in forma pauperis* and moves for appointment of counsel.

Before the court may grant *in forma pauperis* status or appoint counsel, it must screen the Plaintiff's complaint and dismiss it if: (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief from a defendant who is immune from such relief. *Brock v. Beelman Truck Co.*, 10 C 0270, 2010 WL 1692769, at *1 (S.D. Ill. April 20, 2010); 28 U.S.C. § 1915(e)(2).

Here, Plaintiff alleges that her former employer DSC Logistics, Inc., discriminated against her on the basis of age, disability, and race. Plaintiff has attached a right-to-sue letter from the EEOC issued May 12, 2011. However, the Court finds the complaint fails to state a claim upon which relief can be granted. Plaintiff used the Court's form complaint for employment discrimination. However, the Court notes that in the space on her complaint in which she is to outline the facts underlying her claim, Plaintiff has merely listed the types of evidence she intends to use to prove her claim. Plaintiff's complaint need not be detailed, but she should amend her complaint to include the facts underlying it. The Court also notes that, although Plaintiff has attached a portion of the State of Illinois Department of Human Rights' investigation report, the fact section is omitted, and so that Court cannot use it to fill in the gaps in Plaintiff's complaint. *See Gutierrez v. Peters*, 111 F.3d 1364, 1367 n. 2 (7th Cir. 1997). As such, Plaintiff's complaint is dismissed with leave to replead within 30 days from the date of this order.

The Court will consider Plaintiff's motion to proceed *in forma pauperis* when she files an amended complaint. However, the Court notes that Plaintiff's affidavit is incomplete. Plaintiff lists her current monthly salary in response to Question 2. Then, in response to question 4, involving other income received

**STATEMENT**

in the past year, she indicates that she has received other income through "work." But it is unclear whether Plaintiff is referring to her own work or that of another household member, and she does not say what amount of income has been earned. If Plaintiff is referring solely to her income from her current employment at Sports Authority, she need not repeat that information in Question 4. Plaintiff must complete the affidavit in order for the Court to determine if she is entitled to pauper status, so she is directed to file an amended affidavit within 30 days from the date of this order.

Additionally, Plaintiff seeks appointment of counsel, but has indicated only that she has contacted two private attorneys and cannot afford to hire them. Civil litigants have no constitutional or statutory right to an attorney, and the decision to appoint counsel is within the trial court's discretion. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). In determining whether counsel should be appointed, the court must decide: (1) whether the plaintiff has made reasonable efforts to retain counsel or has been precluded from making such efforts; and if so, (2) given the difficulty of the case, is the plaintiff competent to litigate it herself; and (3) if not, would the presence of counsel make a difference in the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff must make more of an effort to obtain counsel, perhaps through contacting legal aid organizations, before the court will grant her motion for appointment of counsel. If she files an amended motion reflecting additional efforts to obtain counsel, the Court will consider those efforts when ruling on her motion for appointment of counsel.